**UNITED STATES of America, Plaintiff–Appellee,**

v.

**William Eugene MONK, Defendant–Appellant.**

**No. 02–1616.**

United States Court of Appeals, Sixth Circuit.

Aug. 7, 2003.

Before KEITH, COLE, and COOK, Circuit Judges.

*ORDER*

William Eugene Monk pleaded guilty to aiding and abetting, bank robbery, and possessing a firearm in furtherance of a bank robbery. *See* 18 U.S.C. §§ 2, 924(c) *and* 2113(a). On April 26, 2002, he was sentenced to a total of eighty-five months of imprisonment and three years of supervised release. Monk's appeal from that judgment has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Monk's attorney has filed a motion to withdraw, with a brief indicating that there are no colorable issues to appeal. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Monk did not file a timely response to this motion. Moreover, an independent "examination of all the proceedings" reveals no issue that would support a direct appeal in this case. *Id.*

The district court determined that Monk was mentally competent. It also established that he understood his rights, the nature of the charges, and the consequences of his plea. Monk indicated that the decision to plead guilty was voluntary, and he acknowledged a sufficient factual basis for his plea. In light of these facts, we hold that the district court substantially complied with Fed.R.Crim.P. 11 and that Monk's guilty plea was constitutionally valid.

The probation officer revised the presentence report in response to the only objection that was filed by the defense. The revised report indicated that Monk had a total offense level of twenty and a criminal history category of I, which yielded a sentencing guideline range of thirty-three to forty-one months of imprisonment on his bank robbery charge. He was also subject to a consecutive, statutorily mandated sentence of eighty-four months on his firearm charge. Monk did not file any

other objections to the presentence report and he did not raise any other significant legal arguments at sentencing. Thus, he has forfeited any other sentencing claims that he might have had in the absence of plain error that affects his substantial rights. *See United States v. Barajas-Nunez*, 91 F.3d 826, 830 (6th Cir.1996). No potential error is apparent from the present record.

Monk signed a plea agreement that included an express waiver of his right to appeal the application of the sentencing guidelines and the guideline factors that were stipulated in his plea agreement. *See United States v. Allison*, 59 F.3d 43, 46 (6th Cir.1995). Moreover, the district court granted the government's motion for a reduced sentence under USSG § 5K1.1, as Monk had provided substantial assistance in the investigation and/or prosecution of others. Thus, the court departed thirty-two months from the lowest end of the 117 to 125 month range that had been anticipated by the plea agreement and imposed a total sentence of eighty-five months. No fines were imposed, and a three-year term of supervised release was authorized by 18 U.S.C. § 3583(b) and USSG § 5D1.2, we conclude that any direct challenge to Monk's sentence would be unavailing.

Accordingly, counsel's motion to withdraw is granted and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.